UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HERSCHENIA BROWN,

    Plaintiff,

    v.

UNIVERSITY OF KANSAS,

    Defendant.

Case No. 24-4112-JWB-RES

## ORDER

This matter comes before the Court on pro se Plaintiff Herschenia Brown's Motion for Appointment of Counsel. ECF No. 4. For the reasons explained below, the Motion is denied without prejudice to refiling after the summary-judgment stage of this case.

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). In limited circumstances, however, Congress has provided courts with the statutory authority to appoint counsel. For example, Title VII of the Civil Rights Act of 1964 ("Title VII") provides courts with the discretionary authority to appoint counsel. 42 U.S.C. § 2000e-5(f)(1). Another statutory basis for appointment of counsel is the in forma pauperis ("IFP") statute, which authorizes the court to appoint counsel for IFP litigants. *See* 28 U.S.C. § 1915(e)(1). Because Plaintiff asserts a Title VII claim and proceeds IFP, the Court analyzes Plaintiff's Motion for Appointment of Counsel under both standards.

**I.    APPOINTMENT OF COUNSEL UNDER TITLE VII**

The Court may appoint an attorney pursuant to Title VII "[u]pon application by the [plaintiff] and in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). The Court's discretion to appoint counsel in a Title VII case is "extremely broad." *Castner v. Colorado*

*Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). In exercising this discretion, the Court considers: (1) the party's "financial inability to pay for counsel"; (2) the party's "diligence in attempting to secure counsel"; and (3) the merits of the party's claims. *Id.* at 1421-22. The Court considers a fourth factor, "plaintiff's capacity to present the case without counsel," in close cases as an additional aid in exercising discretion. *Id.* at 1421.

The first factor—Plaintiff's inability to pay for counsel—is neutral on this record. The information contained in Plaintiff's affidavit of her financial status, ECF No 3-1, suggests that she would be unable to meet her daily expenses if she were to hire counsel who billed by the hour. Nevertheless, Title VII contains a fee-shifting provision, and employment attorneys often agree to represent clients "for a fee contingent only upon the success of the claim." *Dawson v. Home Depot*, No. 20-4085-KHV-ADM, 2021 WL 826204, at *2 (D. Kan. Mar. 4, 2021). Thus, if Plaintiff were able to secure counsel on a contingency-fee basis, her financial situation is unlikely to be impacted. *See id.* (collecting cases and finding this factor neutral).

Plaintiff's diligence in attempting to secure counsel also is neutral on this record. Plaintiff has attached as exhibits correspondence from six lawyers or law firms she has contacted, and the Court commends Plaintiff for her efforts in this regard. Nevertheless, the correspondence largely suggests: that these individuals or entities were potentially unclear if Plaintiff was seeking representation for the purpose of filing a Title VII suit; the firm actually was interested in representing Plaintiff; and/or the firm was unable to take Plaintiff's case because of conflicts, the timing of filing, or a large caseload—not because any of these individuals or entities believed Plaintiff's case was not meritorious. In multiple instances, Plaintiff was provided with names of additional attorneys who might be willing to represent her, but it is unclear on this record whether

she had contacted all of them.[1]  In sum, the Court is not convinced on this record that additional efforts to attempt to retain counsel would be unsuccessful based on the feedback Plaintiff has received to date.

The third factor—the merits of Plaintiff's claims—also is neutral at this stage.  At this early stage, the Court does not find Plaintiff's case to be any more or less meritorious than other employment claims asserted by pro se litigants.  This is particularly true at the pleadings stage of the case, with no discovery occurring.  This is why the Court denies the Motion without prejudice to refiling after the summary-judgment stage of the case, as explained in greater detail below in the Conclusion section.

Although this is not a close case, the Court still addresses the fourth factor—Plaintiff's ability to present her case—because it weighs against appointment at this stage.  Plaintiff's filings to date demonstrate an adequate ability to communicate with the Court and the opposing parties,[2] and Plaintiff does not allege any special circumstances or conditions that would significantly hamper her ability to prosecute his case.  And as explained below, the factual and legal issues in this case do not appear to be particularly complex.  For these reasons, appointment of counsel pursuant to Title VII is not appropriate at this stage of the case.

---

[1] For example, one attorney explained that he was unable to file Plaintiff's case within the short timeframe, but he provided the names of three other attorneys he stated he would contact about Plaintiff and encouraged her also to "give them a call and see if any of them are willing to file your lawsuit." ECF No. 4-3 at 1. Another law firm declined representation because "of our current case load" and stated that "this decision does not reflect the merits of your case." ECF No. 4-5 at 1. The paralegal who wrote the email to Plaintiff went on to provide the names of five other attorneys who might be able to help Plaintiff. *Id.*

[2] Plaintiff's correspondence with prospective counsel and law firms also indicates that Plaintiff's ability to effectively communicated with others is more advanced than most pro se litigants. *See, e.g.,* ECF No. 4-1 at 1 (explaining to a paralegal that "[b]ecause I need to file by 12/2, time is of the essence and I need to be very meticulous with any financial investment.").

3

## II.   APPOINTMENT OF COUNSEL UNDER § 1915(e)(1)

For reasons similar to those explained above, the Court concludes that appointment of counsel pursuant to the IFP statute is not warranted either. *See generally Palmer v. Pentair*, No. 18-CV-2638-CM-TJJ, 2018 WL 6570494, at *2 (D. Kan. Dec. 13, 2018) ("The factors considered under Title VII regarding appointment of counsel are similar to those considered when deciding to request an attorney to represent an indigent party under § 1915(e)(1). Consequently, a ruling on a motion under Title VII generally supports denying appointment under § 1915(e)(1) as well.")

In deciding whether to appoint an attorney to represent an indigent party, the Court considers: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

The Court already has addressed the first and third factors above, which are neutral or weigh against appointment of counsel at this stage. The nature and complexity of the factual and legal issues also weigh against appointment of counsel. Specifically, the facts at issue in this case concern Plaintiff's employment, events for which she has at least some personal knowledge. Plaintiff does not contend, and the Court does not identify, any complex legal or factual issues in this case that require the assistance of counsel.

## III.   CONCLUSION

For the above reasons, the Court denies Plaintiff's Motion at this early stage of the case. As appropriate, the Court likely will enter a scheduling order that sets a deadline for filing summary judgment motions. Plaintiff may renew her motion for appointment of counsel either (1) after the Court has ruled on all summary judgment motions, or (2) after the deadline for filing summary judgment motions has passed, if no party elects to file a summary judgment motion.

Because summary judgment rulings provide significant information to aid in evaluating the merits of a plaintiff's case, it is not uncommon for the Court to reevaluate appointment of counsel after the summary-judgment stage.  *See, e.g., Tahchawwickah v. Brennon*, No. 23-3238-EFM-ADM, 2024 WL 1177238, at *2 (D. Kan. Mar. 19, 2024) (denying a motion for appointment of counsel without prejudice to refiling "after the district judge rules on all summary-judgment motions and indicates that the case will proceed to trial").  By that time, the Court also will have more information from which to evaluate Plaintiff's ability to prepare and present her case.

For these reasons, Plaintiff's Motion is denied without prejudice to refiling after the summary-judgment stage.  Any motions filed before this timeframe may be denied as premature and for noncompliance with this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel, ECF No. 4, is denied without prejudice to refiling after the summary-judgment stage.

**IT IS SO ORDERED.**

Dated: November 27, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge