UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HERSCHENIA BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No.: 24-4112-JWB-RES |
| | ) |
| **UNIVERSITY OF KANSAS,** | ) |
| | ) |
| **Defendant.** | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE UNIVERSITY OF KANSAS TO PLAINTIFF'S EMPLOYMENT DISCRIMINATION COMPLAINT**

Defendant the University of Kansas ("Defendant"), for its Answer and Affirmative Defenses to Plaintiff's Employment Discrimination Complaint ("Complaint"), states as follows:

1. Answering paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to bring this action pursuant to Title VII. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint. Further answering, Defendant denies that Plaintiff is entitled to the requested relief.

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that any discrimination or unlawful conduct occurred in "10/2023" or at any other time. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff "completed EEOC paperwork in 10/2023," and therefore denies the same. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation "EEOC filed on 7/12/2024," and therefore denies the

1

same.

4.	Answering paragraph 4 of the Complaint, Defendant admits that it has been provided with a copy of a document that purports to be a Charge of Discrimination addressed to the Kansas Human Rights Commission and the U.S. Equal Employment Opportunity Commission ("EEOC"), and which states that it was digitally signed on July 12, 2024. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5.	Answering paragraph 5 of the Complaint, Defendant admits that it has been provided with a copy of a document that purports to be a Charge of Discrimination addressed to the Kansas Human Rights Commission and the EEOC, and which states that it was digitally signed on July 12, 2024. Defendant admits that Document 1-1, filed with the Complaint, purports to be a Determination and Notice of Rights from the U.S. Equal Employment Opportunity Commission. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6.	Answering paragraph 6 of the Complaint, Defendant admits that Document 1-1, filed with the Complaint, purports to be a letter from the EEOC. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 6 of the Complaint, and therefore denies the same.

7.	Answering paragraph 7 of the Complaint, Plaintiff did not check any boxes in this paragraph of the Complaint, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.	Answering paragraph 8 of the Complaint, Defendant admits that it terminated Plaintiff's employment. Defendant denies that it engaged in any unlawful conduct involving

termination of Plaintiff's employment. Defendant denies that the terms and conditions of Plaintiff's employment "differ[ed] from those of similar employees." Defendant denies that it engaged in retaliation or any unlawful conduct regarding Plaintiff's employment. Defendant admits that it has been provided with a copy of a document that purports to be a Charge of Discrimination addressed to the Kansas Human Rights Commission and the EEOC, and which states that it was digitally signed on July 12, 2024. Without admitting the authenticity of that document or the matters asserted therein, Defendant admits that the document contained various assertions about Plaintiff's employment with Defendant. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Defendant denies that Plaintiff was discriminated against because of her "race or color, which is African-American." Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff was "the sole Person of Color in the Ombuds Office," and therefore denies the same. Defendant denies that Plaintiff "experienced race discrimination through unfair treatment." Defendant denies that Plaintiff was subjected to "disparate treatment, verbally & in writing, including schedule changes & confidentiality concerns, compared to White colleagues." Defendant admits that on or about October 9, 2023, Plaintiff made a report to the KU Police Department regarding an event which Plaintiff alleged occurred on October 6, 2023. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff experienced "a racial incident . . . on campus on 10/6/23," and therefore denies the same. Defendant denies that it had any involvement with or responsibility for the alleged

"racial incident." Defendant admits that Plaintiff informed her supervisor of the alleged "racial incident." Defendant denies that Plaintiff engaged in "protected activity" and that Plaintiff suffered any adverse consequence on account of engaging in any "protected activity." Defendant admits it sent Plaintiff a letter dated October 18, 2023, in which it informed Plaintiff that her employment would be terminated during her probationary period, effective November 9, 2023. Defendant denies Plaintiff was meeting all performance expectations. Defendant admits Plaintiff was not issued a formal disciplinary action prior to her termination. Defendant denies that Plaintiff had "no policy or merit violations, misconduct, or warnings/communications." Defendant denies that its actions were "retaliatory." Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits it notified Plaintiff on October 18, 2023, that her employment would be terminated effective November 9, 2023. Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12.     Answering paragraph 12 of the Complaint, Defendant admits that Plaintiff no longer works for Defendant.  Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13.     Answering paragraph 13 of the Complaint, Defendant admits this is not a disability-related claim. Defendant denies the remaining allegations contained in paragraph 13 of the Complaint.

14.     Answering the paragraph of the Complaint entitled, "Request for Relief," Defendant states that the allegations of this paragraph are prayers for relief requiring neither an admission nor a denial. To the extent any response is required, Defendant denies the allegations of this paragraph

of the Complaint. Further, to the extent such prayers for relief in any way imply that Defendant acted wrongfully or unlawfully or that Plaintiff is entitled to the relief she seeks, such implications are denied. Defendant denies that Plaintiff is entitled to the requested relief.

## **GENERAL DENIAL**

Defendant denies each and every statement, allegation, and averment contained in the Complaint that has not been expressly admitted above.

## **AFFIRMATIVE AND OTHER DEFENSES**

In addition to the defenses and denials set forth above, Defendant asserts the following affirmative and other defenses. In pleading these defenses, Defendant does not admit it bears the burden of proof, production, or persuasion on such defenses. Defendant is currently without sufficient knowledge and information to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves the right to raise any and all counterclaims and additional defenses, including, but not limited to, the after-acquired evidence defense or any other affirmative defenses that may become apparent at any time during the course of this litigation.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant, including because Plaintiff was not discriminated against because of her race or color.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted, including because Plaintiff was not subjected to retaliation.

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant to the extent Plaintiff did not engage in any protected activity prior to the alleged adverse employment actions.

4. Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust administrative remedies, including to the extent that some of the allegations contained in Plaintiff's Complaint were not included in her Charge of Discrimination or, upon information and belief, encompassed within the agency's investigation.

5. This Court lacks subject matter jurisdiction over any claims not properly exhausted in the administrative agency process.

6. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations, including to the extent the conduct complained of occurred more than 300 days prior to Plaintiff filing a Charge of Discrimination with the Equal Employment Opportunity Commission.

7. Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in the Complaint and any damages which she allegedly suffered.

8. Any actions taken by Defendant with respect to Plaintiff's employment were non-discriminatory, non-retaliatory, based on legitimate reasons, and carried out in the good faith exercise of Defendant's reasonable business judgment unrelated to Plaintiff's race or color and/or alleged protected activity.

9. Plaintiff's claims and/or the relief sought may be barred, in whole or in part, by the after-acquired evidence doctrine.

10. Plaintiff is barred from asserting the claims alleged in the Complaint, in whole or in part, by the equitable doctrines of estoppel, waiver, and laches, including because she failed to timely report any alleged unlawful conduct, actions, or inactions on the part of the Defendant.

11. Any actions taken by Defendant with respect to Plaintiff's employment giving rise to a claim for damages, the existence of which Defendant specifically denies, were not willful or

malicious or in reckless disregard of Plaintiff's rights. An award of punitive damages would be contrary to Defendant's good faith efforts to comply with the law.

12. Title VII does not allow for the recovery of punitive damages against state universities, including Defendant.

13. Plaintiff's claims for punitive damages are barred by the United States Constitution because the asserted standard for punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Defendant's rights to due process of law, to equal protection, to the right to be free from the unlawful taking of property, the right to be free from excessive fines, and all other substantive and procedural protections of the state and federal constitutions applicable to punitive damages.

14. Defendant would have made the same employment decision(s) with respect to Plaintiff absent any alleged unlawful or impermissible considerations, the existence of such Defendant specifically denies.

15. To the extent Plaintiff claims she has suffered compensatory or emotional distress damages, there are intervening and other causes for such damages, other than any action by Defendant.

16. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate damages, if any.

17. Plaintiff's claims for damages are barred, in whole or in part, to the extent they are speculative in nature.

18. Plaintiff cannot obtain duplicate recovery under her claims for relief.

19. Plaintiff's claims for compensatory and punitive damages are barred to the extent she seeks amounts in excess of the applicable limits imposed by Title VII.

20. Plaintiff does not have a right to trial by jury regarding equitable remedies sought in this action.

21. Defendant reserves the right to amend its affirmative and other defenses as additional information becomes known during discovery.

## DESIGNATION OF PLACE OF TRIAL

Defendant requests that the trial of this matter be held in Topeka, Kansas.

## PRAYER FOR RELIEF

WHEREFORE, Defendant the University of Kansas respectfully requests the Court dismiss Plaintiff's Complaint with prejudice, tax all costs to the Plaintiff, award Defendant its reasonable attorneys' fees, and grant all such other relief as this Court deems just and proper.

Respectfully submitted,

**SEYFERTH BLUMENTHAL & HARRIS LLC**

*/s/ John T. Bullock*
John T. Bullock, KS Bar #15119
Daniel O. Ramón, KS Bar #78699
4801 Main Street, Suite 300
Kansas City, Missouri 64112
Telephone:   (816) 756-0700
Facsimile:   (816) 756-3700
Email:  johnb@sbhlaw.com
            danny@sbhlaw.com

**ATTORNEYS FOR DEFENDANT**


## **CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the District of Kansas CM/ECF Document Filing System which sent notification of such filing to the following:

Herschenia Brown
5555 W. 6th St, C1
Lawrence, KS. 66049
Phone: (708) 302-0156
Email: hsabrown@yahoo.com

**Pro se Plaintiff**

*/s/ John T. Bullock*
***Attorney for Defendant***